# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SHALIECE BELL,

     Plaintiff,

v.                                                Case No. 8:23-cv-1666-NHA

HEALTHPLAN SERVICES, INC.,

     Defendant.

_____/

## <u>ORDER</u>

I grant the Parties' Joint Motion to Approve their Settlement Under the Fair Labor Standards Act ("FLSA") (Doc. 26) and dismiss this action with prejudice.

## I.    Background

Defendant Healthplan Services, Inc. hired Plaintiff Shaliece Bell as a billing processor in August 2019. Complaint (Doc. 1), ¶ 13; Answer (Doc. 10), ¶ 13. Plaintiff worked in that position until April 7, 2023. Doc. 21 at 1.

Plaintiff alleged in her Complaint that, at all times during her employment, she was a "non-exempt" employee, meaning that the FLSA required that she be paid one-and-one-half times her regular rate for all hours worked beyond 40 hours in a workweek. Compl. (Doc. 1), ¶¶ 48- 49. She alleged she regularly worked more than 40 hours in a single workweek, *id.* at ¶ 50, but

Defendant failed to pay her one-and-one-half times her regular rate as required under the FLSA, *id.* at ¶ 51. Accordingly, Plaintiff brought a claim for recovery of her overtime wages under the FLSA. *Id.* at ¶¶ 47-54.

In its answer, Defendant admitted that Plaintiff was covered by the FLSA. Answer (Doc. 10), at ¶¶ 48–49. But, Defendant claimed that it properly compensated Plaintiff for the hours she entered in the time-keeping system and that it did not violate the FLSA. *Id.* at ¶¶ 14, 50-53.

Pursuant to the scheduling order, the parties completed an initial round of discovery and then engaged in settlement discussions. Doc. 19. After several rounds of negotiations, the Parties agreed to a settlement, and subsequently submitted the proposed "FLSA Settlement Agreement" (Doc. 26-1) for review. Doc. 26. Within the FLSA Settlement Agreement, Defendant agrees to pay Plaintiff a total of $7,500, of which $1,250 is for unpaid wages, $1,250 is for liquidated damages, and $5,000 is for attorney's fees. Doc. 26-1, ¶ 3. The Parties represent the fees were negotiated separately from and without regard to Plaintiff's unpaid wages and liquidated damages. Doc. 26 at 2.

In the FLSA Settlement Agreement, Plaintiff agrees to release all claims "under the FLSA or any other wage-related statute or any other allegation that was raised in Plaintiff's Complaint." Doc. 26-1, ¶ 4. The Agreement also includes, in the final paragraph, a statement that, "The Parties hereby expressly waive any and all right to a trial by jury with respect to any action,

2

proceeding, or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment with Defendant." *Id.* ¶ 14.

## II.   Legal Framework

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An employer who violates the FLSA must generally pay the damaged employee (1) unpaid wages, (2) an equal amount as liquidated damages, and (3) attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), private lawsuits to recover back wages under the FLSA may be settled only with the approval of the district court. Under *Lynn's Food Stores*, the parties to an FLSA settlement must present their agreement to the court for a fairness evaluation. *Id.* at 1353. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307–08 (11th Cir. 2013).

To measure a settlement's fairness. Courts look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the

3

complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that a settlement of FLSA litigation "reflect[s] a reasonable compromise of disputed issues." *Lynn's Food Stores*, 679 F.2d at 1364.

Additionally, when a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The parties may demonstrate the reasonableness of the attorney fees by either: (1) using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.  Discussion

I find that this settlement to be a fair and reasonable compromise.

4

In considering the settlement amount, I note there is no evidence of collusion. As the parties explain, they went back-and-forth through counsel in an arms-length negotiation and were eventually able to reach settlement. Doc. 26 at 1-2. The settlement was entered into after the Parties had the benefit of some discovery and were able to evaluate the strengths and weaknesses of their claim and defenses. *See* Doc. 19. Plaintiff settled for $1,250 in unpaid wages and $1,250 in liquidated damages (Doc. 26-1 at ¶ 3), which is approximately 25% of her original demand (Doc. 21 at 2). But, without a settlement, the Parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial. Thus, the Parties would incur significant legal expenses, and Plaintiff would risk receiving nothing.

Considering the foregoing, and the strong presumption favoring settlement, I conclude the settlement amount is fair and reasonable.

I also find the agreed-upon fees to be reasonable. The parties agree as to the reasonableness of the fees and costs and that the amount was "negotiated separately and without regard to Plaintiff['s] claims." Doc. 26 at 2. This is sufficient to establish the reasonableness of fees paid to Plaintiff's counsel, and that Plaintiff's recovery was not adversely affected by the amount of fees paid to Plaintiff's counsel. *See Bonetti*, 715 F. Supp. 2d at 1228.

Turning to the non-monetary provisions, I note that the limited scope of the Agreement's release provision (Doc. 26-1 at ¶ 4) allays any concern that

5

Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to a wage related claim. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (Merryday, J.) (striking "a pervasive release in settlement of an FLSA action" as being "both unfair and incapable of valuation.").

There is also a provision in which "The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding, or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment with Defendant." Doc. 26-1 at ¶ 14. The Court held a hearing on this provision, at which each party asserted that the other's waiver constituted valuable consideration for the exchange of its own waiver. The Court finds the reciprocation of the waiver sufficient to support this provision.

## IV.   Conclusion

For these reasons:

(1) The Parties' Joint Motion to Approve their Settlement Under the FLSA (Doc. 26) is GRANTED. The Court approves the FLSA Settlement Agreement (Doc. 26-1).

(2) This case is DISMISSED WITH PREJUDICE.

(3) The Clerk shall enter a final judgment stating such, and terminate any pending motions.

ORDERED in Tampa, Florida, on May 6, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge